3:13-cv-03072-SEM-BGC  # 6   Page 1 of 20
Case 3:01-cv-00557-GPM   Document 8   Filed 03/25/02   Page 1 of 20   Page ID #11
E-FILED
Thursday, 14 March, 2013 04:13:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED

MAR 25 2002

G. PATRICK MURPHY
DISTRICT JUDGE
SOUTHERN DISTRICT OF ILLINOIS
ST. LOUIS, ILLINOIS

| | |
|---|---|
| JAMES G. TURNER-EL, #N-01161, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 01-557-GPM |
| G. PATRICK MURPHY, DAVID R. HERNDON, MICHAEL J. REAGAN, WILLIAM D. STIEHL, WILLIAM L. BEATTY, J. PHIL GILBERT, GERALD B. COHN, CLIFFORD J. PROUD, and JUDGE JLF, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

The complaint of James G. Turner-El, along with attendant motions, is before the Court. Among other motions is an application to proceed *in forma pauperis*, notwithstanding that he has been enjoined from so proceeding. Because Turner-El has sued nine judicial officers in this District, including the late William L. Beatty, this matter ordinarily would be referred to the Circuit Executive for outside assignment. In that regard, Turner-El suggests that the matter be transferred to the Western District of Wisconsin.

To say that Turner-El is a frequent filer is akin to describing the Grand Canyon as a large ditch. Since 1989, Plaintiff James G. Turner-El,[1] I.D.O.C. Register #N-01161, has filed 42 cases in

---

[1] In the docket records of this District, Plaintiff's last name appears as "Turner El," without a hyphen. However, in the Northern District of Illinois, Central District of Illinois, and

Page 1 of 10

8

this District. Four of those cases were filed as *habeas corpus* cases, and 38 were various other civil cases under 42 U.S.C. § 1983, etc. In addition, Turner-El has filed at least 20 cases in the district court for the Northern District of Illinois and at least 27 cases in the Central District of Illinois, as well as 50 filings in the Seventh Circuit Court of Appeals.[2] Suffice it to say, James G. Turner-El is an abusive litigant who refuses to be reined in by such statutory nuisances as the "three strikes" provision, 28 U.S.C. § 1915(g), enacted as part of the Prison Litigation Reform Act (PLRA), effective April 26, 1996.[3] Countless hours of valuable judicial resources have been spent processing and disposing of his endless litany of complaints. No doubt Turner-El finds his avocation of jailhouse lawyering to be a pleasant way to wile away his time behind bars, while at the same time causing consternation and expense in the courthouse. Today, it stops!

The case now before the Court is a prime example of his abusive litigation. In this case, he names nine federal judges as defendants; all defendants preside in this District. Originally this case was assigned to the Honorable Michael J. Reagan, who subsequently recused himself (Doc. 7). The case was then assigned to this Judge. For this Judge to recuse himself because he is a named defendant would be to color Turner-El's complaint with the slightest shade of legitimacy, which it does not deserve. Plaintiff is well aware that he is barred from proceeding *in forma pauperis*.

---

Seventh Circuit Court of Appeals, there is a hyphen: "Turner-El." Also, in his pleadings, Plaintiff uses the hyphen.

[2] A list of all these cases, by court of filing, is attached as Appendix A to this Memorandum and Order.

[3] He was first notified that he had reached his three-strike limit in this District in *Thomas El v. Page*, Case No. 97-287-GBC (S.D. Ill., filed April 2, 1997), in an Order entered December 16, 1997 (Doc. 14). The Northern District entered a three-strike order against him on March 2, 1998. *Turner-El v. Washington*, Case No. 96-C-6323, Doc. 124 (N.D. Ill., filed June 18, 1997).

28 U.S.C. § 1915(g).[4] In fact, he has been informed of this fact by the Judges in this District more than 20 times.[5] Further, the allegations in the complaint (Doc. 1) do not suggest that Plaintiff is in imminent danger of serious physical injury, and Plaintiff does not even present a circuitous argument in an attempt to invoke that exception to the three-strikes rule. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**.

As for the "substance" of the complaint, judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872); *Richman*

---

[4] *See, e.g., Turner El v. O'Hare*, Case No. 92-580-WDS (S.D. Ill., dismissed as frivolous on August 7, 1992); *Turner El v. Peters*, Case No. 93-291-WDS (S.D. Ill., dismissed as frivolous on March 31, 1994); *Turner El v. Baker*, Case No. 93-292-WDS (S.D. Ill., dismissed as frivolous on March 31, 1994).

[5] *See Geder v. Page*, Case No. 97-286-DRH, Doc. 23 (S.D. Ill., filed April 2, 1997); *Thomas El v. Page*, Case No. 97-287-GBC, Doc. 14 (S.D. Ill., filed April 2, 1997); *Oden v. Page*, Case No. 97-424-GPM, Doc. 20 (S.D. Ill., filed May 12, 1997); *Turner El v. West*, Case No. 97-688-PER, Doc. 3 (S.D. Ill., filed Aug. 11, 1997); *Turner El v. Page*, Case No. 97-690-WDS, Doc. 4 (S.D. Ill., filed Aug. 11, 1997); *Turner El v. Washington*, Case No. 97-985-JPG, Doc. 3 (S.D. Ill., filed Dec. 4, 1997); *Turner El v. West*, Case No. 97-986-PER, Doc. 2 (S.D. Ill., filed Dec. 4, 1997); *Turner El v. Mayo*, Case No. 97-987-PER, Doc. 2 (S.D. Ill., filed Dec. 4, 1997); *Turner El v. United States*, Case No. 98-030-PER, Doc. 4 (S.D. Ill., filed Jan. 16, 1998); *Turner El v. Rennison*, Case No. 98-386-GPM, Doc. 4 (S.D. Ill., filed May 11, 1998); *Turner El v. Page*, Case No. 98-873-WDS, Doc. 3 (S.D. Ill., filed Dec. 7, 1998); *Turner El v. Internal Affairs*, Case No. 98-875-WLB, Doc. 4 (S.D. Ill., filed Dec. 7, 1998); *Turner El v. Page*, Case No. 99-013-WDS, Doc. 5 (S.D. Ill., filed Jan. 7, 1999); *Turner El v. Feinerman*, Case No. 99-283-WDS, Doc. 3 (S.D. Ill., filed April 26, 1999); *Turner El v. Page*, Case No. 99-284-JPG, Doc. 4 (S.D. Ill., filed April 26, 1999); *Turner El v. Jaworski*, Case No. 01-270-DRH, Doc. 3 (S.D. Ill., filed May 1, 2001); *Turner El v. Stanley*, Case No. 01-287-DRH, Doc. 6 (S.D. Ill., filed May 8, 2001); *Turner El v. Page*, Case No. 01-299-GPM, Doc. 11 (S.D. Ill., filed May 10, 2001); *Turner El v. Zielinski*, Case No. 01-300-MJR, Doc. 8 (S.D. Ill., filed May 10, 2001); *Turner El v. Snyders*, Case No. 01-472-MJR, Doc. 3 (S.D. Ill., filed July 16, 2001); *Turner El v. Proud*, Case No. 01-489-DRH, Doc. 3 (S.D. Ill., filed July 18, 2001); *Turner El v. Snyders*, Case No. 01-527-GPM, Doc. 6 (S.D. Ill., filed Aug. 8, 2001); *Turner El v. Snyder*, Case No. 01-631-GPM, Doc. 8 (S.D. Ill., filed Sept. 24, 2001); *Turner El v. Walls*, Case No. 01-734-DRH, Doc. 5 (S.D. Ill., filed Nov. 6, 2001).

*v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). In addition, the Seventh Circuit recently held that the three-strikes provision is not unconstitutional. *Lewis v. Sullivan*, 279 F.3d 526, 528-31 (7th Cir. 2002).

Therefore, this action is **DISMISSED with prejudice**, and the Court **CERTIFIES** the same is frivolous within the meaning of the PLRA. 28 U.S.C. § 1915A; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also* 730 ILCS 5/3-6-3(d).[6] Moreover, all other pending motions are **DENIED**.

## SANCTIONS

As previously stated, James G. Turner-El is an abusive litigant. Statutory provisions have failed to deter him, leaving this Court with the question of what should be done with Turner-El. The Court notes that monetary sanctions have been imposed upon Turner-El three times to date. In *Turner El v. Washington*, Case No. 97-996-CJP (S.D. Ill., filed Dec. 4, 1997), a sanction of $100 was ordered. That sanction was subsequently paid through reassignment of funds paid towards filing fees

---

[6] For purposes of this subsection (d):

(1) "Frivolous" means that a pleading, motion, or other filing which purports to be a legal document filed by a prisoner in his or her lawsuit meets any or all of the following criteria:
   (A) it lacks an arguable basis either in law or in fact;
   (B) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
   (C) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
   (D) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or
   (E) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief.

730 ILCS 5/3-6-3(d).

in other cases (*see* Doc. 278, entered March 9, 2001). In *Turner El v. Mayo*, Case No. 98-775-MJR (S.D. Ill., filed Oct. 26, 1998), a sanction of $100 was imposed for "deliberate disregard" of a court order (*see* Doc. 40, entered Oct. 25, 2001); no payment has yet been made toward that sanction. Most recently, in *Turner El v. Page*, Case No. 01-299-GPM (S.D. Ill., filed May 10, 2001), a sanction of $200 was imposed. In that same order, Turner-El was enjoined from filing any further civil actions in this District (*see* Doc. 11, entered March 13, 2002).

> Behavior of this character cannot be tolerated. The judicial authority to curb it is ample. *See, e.g., In re Anderson*, 511 U.S. 364, 114 S. Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam); *Sassower v. Mead Data Central, Inc.*, 510 U.S. 4, 114 S. Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam); *Sassower v. American Bar Association*, 33 F.3d 733 (7th Cir. 1994) (per curiam); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Martin-Trigona v. Sassower*, 9 F.3d 226, 228 (2d Cir. 1993); *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990) (per curiam). The only question is the most effective form in which to exercise that authority in this case, consistent with the Supreme Court's admonition that any sanction imposed by a federal court for the abuse of its processes be tailored to the abuse. *In re Anderson, supra*, 511 U.S. at ---, 114 S. Ct. at 1608; *Sassower v. Mead Data Central, Inc., supra*, 510 U.S. at ---, 114 S. Ct. at 3.

*Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

The Court notes, again, that Turner-El has filed 42 cases in this District; only five of those cases were filed prior to the enactment of the PLRA. Of the 37 post-PLRA cases, three were *habeas corpus* cases. However, of those three cases, only one case even pretended to be a challenge to his underlying conviction. *See Turner El v. United States Parole Commission*, Case No. 01-298-GPM (S.D. Ill., filed May 10, 2001). In that case, he challenged a federal detainer lodged against him, but this Court found that he challenged the detainer "solely because the presence of that detainer has allegedly prevented him from obtaining favorable prison job assignments or participating in desirable programs within the Illinois Department of Corrections." (*See* Doc. 5, entered Aug. 17, 2001). In

that case, he also challenged access to boxes of legal property, and he tossed in a claim that his underlying state conviction was illegal. This Court found it likely that "[Turner-El] filed these claims under habeas corpus because he knows that he is barred from proceeding *in forma pauperis* in civil actions, while the 'three strikes' bar does not apply to properly filed habeas corpus actions." *Id.*

In his other two purported *habeas* cases, Plaintiff dispensed with the charade of challenging his underlying conviction. *See Turner El v. Cowan*, Case No. 01-274-JLF (S.D. Ill., filed May 3, 2001) (case filed on forms for a *habeas* petition pursuant to 28 U.S.C. § 2254, but seeking access to four boxes of legal property); *Turner El v. Zielinski*, Case No. 01-301-DRH (S.D. Ill., filed May 10, 2001) (seeking issuance of writ of *habeas corpus* because respondents had allegedly failed to comply with orders issued in other cases pending in this District). Needless to say, each of these cases was dismissed, as *habeas corpus* could not provide an appropriate remedy.

Turner-El also has a practice of including other inmates as co-plaintiffs in his actions.[7] Many times the purported co-plaintiffs have not signed the complaint, nor have they filed motions to proceed *in forma pauperis*. This Court, like other Judges in this District, has found that "the other inmate-plaintiffs are either unaware of their inclusion in one of Turner-El's litigation efforts or, in the alternative, they appear to have been recruited to join the cause in Turner-El's complaint without

---

[7] *See, e.g, Geder v. Page*, Case No. 97-286-DRH (S.D. Ill., filed April 2, 1997) (10 co-plaintiffs); *Turner El v. Page*, Case No. 97-287-GBC (S.D. Ill., filed April 2, 1997) (6 co-plaintiffs); *Oden v. Page*, Case No. 97-424-GPM (S.D. Ill., filed May 12, 1997) (9 co-plaintiffs); *Turner El v. Internal Affairs*, Case No. 98-875-WLB (S.D. Ill., filed Dec. 7, 1998) (6 co-plaintiffs); *Turner El v. Page*, Case No. 99-013-WDS (S.D. Ill., filed Jan. 7, 1999) (20 co-plaintiffs); *Turner El v. Snyder*, Case No. 01-631-GPM (S.D. Ill., filed Sept. 24, 2001) (4 co-plaintiffs); *Turner El v. Maue*, Case No. 01-632-DRH (S.D. Ill., filed Sept. 24, 2001) (6 co-plaintiffs); *Turner El v. James*, Case No. 01-982-GPM (S.D. Ill., filed Dec. 13, 2001) (27 co-plaintiffs).

having a full understanding of the implications and ramifications of the Prisoner Litigation Reform Act." *Turner El v. Snyder*, Case No. 01-631-GPM (S.D. Ill., filed Sept. 24, 2001) (Doc. 8, entered Jan. 18, 2002). In fact, this Court specifically found that "the purported signature of plaintiff Scott is suspect; it is obvious to the Court that the signature is in Turner-El's handwriting." *Id.*

The Court could continue to list Turner-El's other abusive tactics, *ad nauseum*, but there is a limit on how much more time and effort should be wasted on him. Therefore, the Court simply finds that imposition of another monetary sanction is appropriate, as well as a clarification and reiteration of the injunction entered earlier this month.

How much of a monetary sanction should be imposed? Since the enactment of the PLRA, Turner-El now has had 25 civil cases dismissed in this District pursuant to the three-strikes rule, including the instant case.[8] Those cases were simply dismissed without prejudice to bringing his claims in a fully prepaid complaint. Therefore, Turner-El was never required to pay the $150 filing fee for those cases. *See* 28 U.S.C. § 1914. Further, all three of his purported *habeas corpus* actions were dismissed without payment of even the $5.00 filing fee. *Id.* In reality, those three *habeas corpus* petitions were actually civil actions and not "properly brought" under *habeas corpus*. *See Walker v. O'Brien*, 216 F.3d 626, 633-34 (7th Cir. 2000). If Turner-El had filed those actions as civil actions under 42 U.S.C. § 1983, to which the $150 filing fee applies, those cases also would have been dismissed under the three-strikes rule.

---

[8] See Footnote 5 in this Memorandum and Order for a complete listing of prior cases in which Turner-El was barred from proceeding *in forma pauperis* due to the three-strikes rule. The Court realizes that in some of these cases, co-plaintiffs were allowed to proceed *in forma pauperis* and, thus, shared the burden of the $150 filing fee. However, as self-proclaimed "lead plaintiff" in all these actions, in this Court's mind Turner-El bears "lead" responsibility for the filing fee.

Page 7 of 10

The Seventh Circuit has made it clear that obligation to pay the filing fee for an action is incurred at the time the action is filed; such an obligation exists whether or not plaintiff is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1); *Newlin v. Helman*, 123 F.3d 429, 432-33 (7th Cir. 1997), *cert. denied sub. nom Robinson v. Smith*, 522 U.S. 1054 (1998), *overruled on other grounds, Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). As noted above, Plaintiff now has had 25 cases dismissed pursuant to the three-strikes rule and another three cases dismissed that should have been filed as civil actions rather than *habeas corpus*. At $150 per case, the Court finds that Plaintiff has avoided paying a minimum of $4,200 in district court filing fees in this District alone.

It would be a ridiculous waste of judicial and clerical resources to go back to each of those 28 cases to enter an order mandating immediate payment of the $150 filing fee in each case. Instead, the Court will assess that amount as a monetary sanction against Turner-El for his malicious, abusive litigation practices in this District. Until the sanction is paid in full, he shall not be permitted to file any new cases in this District.[9]

**IT IS THEREFORE ORDERED** that **JAMES G. TURNER-EL**, I.D.O.C. Register Number N-01161, is **SANCTIONED** in the amount of **FOUR THOUSAND TWO HUNDRED DOLLARS ($4,200.00)** for his filing of malicious, vexatious motions and actions.

**IT IS FURTHER ORDERED** that until Turner-El pays, in full, all outstanding sanctions orders, **TURNER-EL SHALL NOT FILE ANY FURTHER CIVIL ACTIONS IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS.**

---

[9] However, once he pays the full sanction, he must remember that the three-strikes bar is still applicable, and the Judges in this District will not be very tolerant of fabricated or tenuous claims that he is in imminent danger of serious physical injury.

Further, Turner-El shall not try to circumvent this prohibition by filing in another court with the hope that the action might be transferred to this District. Such a practice will result in further sanctions. (The exception recognized in *Mack* for criminal cases and collateral attacks applies; however, Turner-El cannot file any more collateral attacks without Seventh Circuit approval under 28 U.S.C. § 2244(b).)

**IT IS FURTHER ORDERED** that until Turner-El pays, in full, all outstanding sanctions orders, the Clerk of this Court will return to Turner-El all filings in civil cases.

**IT IS FURTHER ORDERED** that any multi-plaintiff case filed with Turner-El listed as a plaintiff, even if that case is filed with another inmate purporting to be "lead" plaintiff, will be **IMMEDIATELY DISMISSED**, and further sanctions will be imposed against Turner-El for attempting to circumvent this injunction.

There is nothing in this Order nor is it intended that Turner-El be barred from filing a notice of appeal from the disposition of this action.

The Clerk is **DIRECTED** to post a copy of this Memorandum and Order with each case administrator charged with opening new cases in this District. The Clerk is **FURTHER DIRECTED** to provide a copy of this Memorandum and Order to every judicial officer in this District.

The Clerk is **FURTHER DIRECTED** to provide a copy of this Memorandum and Order to Shelton Frey, Tamms Correctional Center, 200 East Supermax Road, Tamms, Illinois 62988, for

possible application of 730 ILCS 5/3-6-3(d).[10]

**IT IS SO ORDERED.**

DATED this _25th_ day of _March_, 2002.

_G. Patrick Murphy_
G. PATRICK MURPHY
Chief United States District Judge

---

[10] "If a lawsuit is filed by a prisoner in an Illinois or federal court against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees, and the court makes a specific finding that a pleading, motion, or other paper filed by the prisoner is frivolous, the Department of Corrections shall conduct a hearing to revoke up to 180 days of good conduct credit by bringing charges against the prisoner sought to be deprived of the good conduct credits before the Prisoner Review Board as provided in subparagraph (a)(8) of Section 3-3-2 of this Code." 730 ILCS 5/3-6-3(d).

# U.S. Party/Case Index

## Civil Name Search Results

42 Total Party matches for selection TURNER EL, JAMES for Illinois Southern
Search Complete
Mon Mar 25 10:47:20 CST 2002
Selections 1 through 42 (Page 1)

● Download (1 pages $0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | TURNER EL, JAMES G | ilsdc | 3:1989cv03289 | 05/17/1989 | 550 | 06/26/1991 |
| | TURNER EL vs. LANE | | | | | |
| 2 | TURNER EL, JAMES G | ilsdc | 3:1990cv03388 | 07/03/1990 | 530 | 09/26/1991 |
| | TURNER EL vs. USPC | | | | | |
| 3 | TURNER EL, JAMES G | ilsdc | 3:1992cv00580 | 08/07/1992 | 540 | 08/07/1992 |
| | TURNER EL vs. O'HARE | | | | | |
| 4 | TURNER EL, JAMES G | ilsdc | 3:1993cv00291 | 04/28/1993 | 550 | 04/04/1994 |
| | TURNER EL vs. PETERS | | | | | |
| 5 | TURNER EL, JAMES G | ilsdc | 3:1993cv00292 | 04/28/1993 | 550 | 04/04/1994 |
| | TURNER EL vs. BAKER | | | | | |
| 6 | TURNER EL, JAMES G | ilsdc | 3:1997cv00286 | 04/02/1997 | 555 | 02/11/2000 |
| | GEDER vs. PAGE | | | | | |
| 7 | TURNER EL, JAMES G | ilsdc | 3:1997cv00287 | 04/02/1997 | 555 | 07/22/1999 |
| | THOMAS EL vs. PAGE | | | | | |
| 8 | TURNER EL, JAMES G | ilsdc | 3:1997cv00424 | 05/12/1997 | 555 | 06/07/1999 |
| | ODEN vs. PAGE | | | | | |
| 9 | TURNER EL, JAMES G | ilsdc | 3:1997cv00688 | 08/11/1997 | 555 | 10/07/1997 |
| | TURNER EL vs. WEST | | | | | |
| 10 | TURNER EL, JAMES G | ilsdc | 3:1997cv00690 | 08/11/1997 | 555 | 10/03/1997 |
| | TURNER EL vs. PAGE | | | | | |
| 11 | TURNER EL, JAMES G | ilsdc | 3:1997cv00985 | 12/04/1997 | 555 | 12/23/1997 |
| | TURNER EL vs. WASHINGTON | | | | | |
| 12 | TURNER EL, JAMES G | ilsdc | 3:1997cv00986 | 12/04/1997 | 555 | 12/16/1997 |
| | TURNER EL vs. WEST | | | | | |
| 13 | TURNER EL, JAMES G | ilsdc | 3:1997cv00987 | 12/04/1997 | 555 | 12/16/1997 |
| | TURNER EL vs. MAYO | | | | | |
| 14 | TURNER EL, JAMES G | ilsdc | 3:1997cv00993 | 12/08/1997 | 555 | 04/20/1999 |
| | TURNER EL vs. FRENTZEL | | | | | |
| 15 | TURNER EL, JAMES G | ilsdc | 3:1997cv00996 | 12/04/1997 | 555 | 08/08/2000 |
| | TURNER EL vs. WASHINGTON | | | | | |

APPENDIX A

16 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00030 01/16/1998  555  01/30/1998
TURNER EL vs. USA

17 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00378 05/11/1998  555  05/20/1998
TURNER EL vs. HARTMAN

18 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00386 05/11/1998  555  05/20/1998
TURNER EL vs. RENNISON

19 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00775 10/26/1998  555  01/29/1999
TURNER EL vs. MAYO

20 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00873 12/07/1998  555  02/18/1999
TURNER EL vs. PAGE

21 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00874 12/07/1998  555  01/20/1999
TURNER EL vs. WASHINGTON

22 TURNER EL, JAMES G <u>ilsdc</u>    3:1998cv00875 12/07/1998  555  01/18/2000
TURNER EL vs. INTERNAL AFFAIRS

23 TURNER EL, JAMES G <u>ilsdc</u>    3:1999cv00013 01/07/1999  555  08/14/2000
TURNER EL vs. PAGE

24 TURNER EL, JAMES G <u>ilsdc</u>    3:1999cv00283 04/26/1999  555  04/29/1999
TURNER EL vs. FEINERMAN

25 TURNER EL, JAMES G <u>ilsdc</u>    3:1999cv00284 04/26/1999  555  01/19/2000
TURNER EL vs. PAGE

26 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00247 04/10/2001  555
TURNER EL vs. ASSIGNMENT COMMITTEE

27 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00248 04/10/2001  555
TURNER EL vs. FIENERMAN

28 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00270 05/01/2001  530  06/26/2001
TURNER EL vs. JAWORSKI

29 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00274 05/03/2001  530  02/26/2002
TURNER EL vs. COWAN

30 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00287 05/08/2001  555  07/10/2001
TURNER EL vs. STANLEY

31 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00298 05/10/2001  530  08/17/2001
TURNER EL vs. USPC

32 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00299 05/10/2001  555  03/13/2002
TURNER EL vs. PAGE

33 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00300 05/10/2001  555
TURNER EL vs. ZIELINSKI

34 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00301 05/10/2001  530  06/26/2001
TURNER EL vs. ZIELINSKI

35 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00472 07/16/2001  555  07/26/2001
TURNER EL vs. SNYDERS

36 TURNER EL, JAMES G <u>ilsdc</u>    3:2001cv00489 07/18/2001  540  07/27/2001
TURNER EL vs. PROUD

| | | | | | |
|---|---|---|---|---|---|
| 37 | TURNER EL, JAMES G ilsdc TURNER EL vs. SNYDERS | 3:2001cv00527 | 08/08/2001 | 555 | 08/29/2001 |
| 38 | TURNER EL, JAMES G ilsdc TURNER EL vs. MURPHY | 3:2001cv00557 | 08/17/2001 | 555 | |
| 39 | TURNER EL, JAMES G ilsdc TURNER EL vs. SNYDER | 3:2001cv00631 | 09/24/2001 | 555 | 02/25/2002 |
| 40 | TURNER EL, JAMES G ilsdc TURNER EL vs. MAUE | 3:2001cv00632 | 09/24/2001 | 555 | |
| 41 | TURNER EL, JAMES G ilsdc TURNER EL vs. WALLS | 3:2001cv00734 | 11/06/2001 | 555 | |
| 42 | TURNER EL, JAMES G ilsdc TURNER EL vs. COWAN | 3:2001cv00982 | 12/13/2001 | 555 | |

### PACER Service Center
#### Transaction Receipt
03/25/2002 10:47:21

| PACER Login: | us0166 | Client Code: | |
|---|---|---|---|
| Description: | Civil srch pg 1 | Search Criteria: | TURNER EL, JAMES |
| Billable Pages: | 1 | Cost: | 0.07 |

#### U.S. Party/Case Index - Home
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

??? Help

U.S. Party/Case Index Civil Name Search ... http://pacer.uspci.uscourts.gov/cgi-bin/dquery.p

# U.S. Party/Case Index

## Civil Name Search Results

27 Total Party matches for selection TURNER-EL, JAMES for Illinois Central
Search Complete
Mon Mar 25 10:46:21 CST 2002
Selections 1 through 27 (Page 1)

● Download (1 pages $0.00)

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 1 | TURNER-EL, JAMES G<br>TURNER-EL vs. DILLMAN | ilcdc | 2:1989cv02210 | 07/14/1989 | 550 | 10/29/1990 |
| 2 | TURNER-EL, JAMES G<br>TURNER-EL vs. GOSKIE | ilcdc | 2:1989cv02211 | 07/14/1989 | 550 | 11/20/1990 |
| 3 | TURNER-EL, JAMES G<br>TURNER-EL vs. PETERS | ilcdc | 2:1989cv02212 | 07/14/1989 | 550 | 10/29/1990 |
| 4 | TURNER-EL, JAMES G<br>TURNER-EL vs. LANE | ilcdc | 2:1989cv02213 | 07/14/1989 | 550 | 11/24/1989 |
| 5 | TURNER-EL, JAMES G<br>TURNER-EL vs. LANE | ilcdc | 2:1989cv02214 | 07/14/1989 | 550 | 11/15/1990 |
| 6 | TURNER-EL, JAMES G<br>TURNER-EL vs. LANE | ilcdc | 2:1989cv02215 | 07/14/1989 | 550 | 11/24/1989 |
| 7 | TURNER-EL, JAMES G<br>TURNER-EL vs. SHANSKY | ilcdc | 2:1989cv02216 | 07/14/1989 | 550 | 11/24/1989 |
| 8 | TURNER-EL, JAMES G<br>TURNER-EL vs. PETERS | ilcdc | 2:1989cv02217 | 07/14/1989 | 550 | 10/29/1990 |
| 9 | TURNER-EL, JAMES G<br>TURNER-EL vs. PETERS | ilcdc | 2:1989cv02218 | 07/14/1989 | 550 | 10/29/1990 |
| 10 | TURNER-EL, JAMES G<br>TURNER-EL vs. PETERS | ilcdc | 2:1989cv02219 | 07/14/1989 | 550 | 10/29/1990 |
| 11 | TURNER-EL, JAMES G<br>TURNER-EL vs. GOSKIE | ilcdc | 2:1989cv02220 | 07/14/1989 | 550 | 10/29/1990 |
| 12 | TURNER-EL, JAMES G<br>TURNER-EL vs. PETERS, ET AL | ilcdc | 2:1989cv02221 | 07/14/1989 | 550 | 10/29/1990 |
| 13 | TURNER-EL, JAMES G<br>TURNER-EL vs. LANE | ilcdc | 2:1989cv02222 | 07/14/1989 | 550 | 10/29/1990 |
| 14 | TURNER-EL, JAMES G<br>TURNER-EL vs. LOWERY | ilcdc | 2:1989cv02223 | 07/14/1989 | 550 | 10/29/1990 |
| 15 | TURNER-EL, JAMES G<br>TURNER-EL vs. LANE | ilcdc | 2:1989cv02224 | 07/14/1989 | 550 | 11/24/1989 |

| | | | | | |
|---|---|---|---|---|---|
| 16 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 2:1989cv02225 | 07/14/1989 | 550 | 11/24/1989 |
| 17 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 2:1989cv02305 | 10/16/1989 | 550 | 07/03/1990 |
| 18 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 2:1990cv02254 | 08/03/1990 | 550 | 05/13/1992 |
| 19 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. MCGINNIS | 2:1990cv02275 | 08/13/1990 | 550 | 01/18/1991 |
| 20 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 2:1990cv02277 | 08/20/1990 | 550 | 01/31/1991 |
| 21 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. IRVIN | 2:1990cv02293 | 08/31/1990 | 550 | 12/29/1992 |
| 22 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. MCGINNIS | 2:1990cv02294 | 08/31/1990 | 550 | 03/05/1993 |
| 23 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. LOWERY | 1:1993cv01054 | 02/10/1993 | 550 | 03/30/1993 |
| 24 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 1:1993cv01058 | 02/10/1993 | 550 | 03/30/1993 |
| 25 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. PETERS | 1:1993cv01059 | 02/10/1993 | 550 | 04/22/1993 |
| 26 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. BAKER | 1:1993cv01069 | 02/18/1993 | 550 | 04/22/1993 |
| 27 | TURNER-EL, JAMES G ilcdc<br>TURNER-EL vs. CRAINE | 1:1993cv01085 | 03/03/1993 | 550 | 03/30/1993 |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/25/2002 10:46:21 | | |
| PACER Login: us0166 | Client Code: | |
| Description: Civil srch pg 1 | Search Criteria: | TURNER-EL, JAMES |
| Billable Pages: 1 | Cost: | 0.07 |

**U.S. Party/Case Index - Home**
Search: All Court Types | Appellate | Bankruptcy | Civil | Criminal
Reports: Court Code List | Date Range | Courts not on Index | Statistical Reports
User Options: Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

?? Help

U.S. Party/Case Index Civil Name Search Results                                      http://pacer.uspci.uscourts.gov/cgi-bin/dquery

# U.S. Party/Case Index

## Civil Name Search Results

20 Total Party matches for selection TURNER-EL, JAMES for Illinois Northern
Search Complete
Mon Mar 25 10:46:52 CST 2002
Selections 1 through 20 (Page 1)

● Download (1 pages $ 0.00)

| Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|
| 1 TURNER-EL, JAMES G | ilndc | 1:1986cv08929 | 06/29/1998 | 999 | 06/23/1999 |
| TURNER-EL vs. SUPT | | | | | |
| 2 TURNER-EL, JAMES G | ilndc | 1:1989cv05004 | | 550 | |
| TURNER vs. STRUBBE, ET AL | | | | | |
| 3 TURNER-EL, JAMES G | ilndc | 1:1993cv04918 | 09/12/1994 | 550 | 06/03/1997 |
| TURNER-EL vs. IL BD OF ED | | | | | |
| 4 TURNER-EL, JAMES G | ilndc | 1:1993cv04919 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. CRAINE | | | | | |
| 5 TURNER-EL, JAMES G | ilndc | 1:1993cv04967 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. PETERS | | | | | |
| 6 TURNER-EL, JAMES G | ilndc | 1:1993cv04968 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. IL DEPT CORR | | | | | |
| 7 TURNER-EL, JAMES G | ilndc | 1:1993cv04969 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. GODINEZ | | | | | |
| 8 TURNER-EL, JAMES G | ilndc | 1:1993cv04970 | 01/28/1994 | 530 | 01/31/1994 |
| TURNER-EL vs. GODINEZ | | | | | |
| 9 TURNER-EL, JAMES G | ilndc | 1:1993cv05160 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. PETERS | | | | | |
| 10 TURNER-EL, JAMES G | ilndc | 1:1993cv05161 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. GODINEZ | | | | | |
| 11 TURNER-EL, JAMES G | ilndc | 1:1993cv05162 | 01/28/1994 | 550 | 01/28/1994 |
| TURNER-EL vs. PETERS | | | | | |
| 12 TURNER-EL, JAMES G | ilndc | 1:1996cv06323 | 06/18/1997 | 550 | 03/02/1998 |
| TURNER-EL vs. WASHINGTON | | | | | |
| 13 TURNER-EL, JAMES G | ilndc | 1:1996cv06368 | 02/26/1997 | 550 | 02/26/1997 |
| TURNER-EL vs. DETELLA | | | | | |
| 14 TURNER-EL, JAMES G | ilndc | 1:1997cv00022 | 09/04/1997 | 555 | 09/04/1997 |
| TURNER-EL vs. WASHINGTON | | | | | |
| 15 TURNER-EL, JAMES G | ilndc | 1:1997cv01818 | 03/17/1997 | 555 | 01/26/1998 |
| TURNER-EL vs. PAGE | | | | | |
| 16 TURNER-EL, JAMES G | ilndc | 1:1997cv02373 | 04/16/1997 | 555 | 04/16/1997 |

16 TURNER-EL, JAMES G ilndc   1:1997cv02373 04/10/1997 555 04/10/1997
TURNER-EL vs. PAGE

17 TURNER-EL, JAMES G ilndc   1:1997cv05822 08/15/1997 555 02/25/1998
TURNER-EL vs. WASHINGTON

18 TURNER-EL, JAMES G ilndc   1:2001cv07163 12/19/2001 550 09/26/2001
TURNER-EL vs. AGNELLO

19 TURNER-EL, JAMES G ilndc   1:2001cv08623 11/08/2001 550 11/30/2001
TURNER-EL vs. MORAN

20 TURNER-EL, JAMES G ilndc   1:2001cv08930 11/27/2001 550 11/27/2001
TURNER-EL vs. BROWN

| PACER Service Center | |||
|---|---|---|---|
| Transaction Receipt | |||
| 03/25/2002 10:46:52 | |||
| PACER Login: | us0166 | Client Code: | |
| Description: | Civil srch pg 1 | Search Criteria: | TURNER-EL, JAMES |
| Billable Pages: | 1 | Cost: | 0.07 |

### U.S. Party/Case Index - Home
Search: All Court Types | Appellate | Bankruptcy | Civil | Criminal
Reports: Court Code List | Date Range | Courts not on Index | Statistical Reports
User Options: Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

??? Help



# Seventh Circuit Court of Appeals

# Docket Sheets by Person

| | |
|---|---|
| 00-1435 | Turner-El, James G. v. Feinerman, Doctor |
| 00-1454 | Turner-El, James G. v. Internal Affairs |
| 00-4006 | Turner-El, James G. v. Washington, Odie |
| 00-8024 | Turner-El, James G. v. Washington, Odie |
| 01-3886 | Turner-El, James v. Agnello, Gino |
| 02-1127 | Turner-El, James S. v. Moran, James B. |
| 02-1131 | Turner-El, James G. v. USA |
| 90-1451 | Turner-EL, James G. v. Lane, Michael P. |
| 90-1452 | Turner-El, James G. v. Lane, Michael P. |
| 90-1453 | Turner-EL, James G. v. Shansky, Ronald |
| 90-1454 | Turner-EL, James G. v. Lane, Michael P. |
| 90-1455 | Turner-EL, James G. v. Peters, Howard A. |
| 90-1991 | Turner-El, James G. v. Lane, Michael P. |
| 90-1992 | Turner-El, James G. v. Lane, Michael P. |
| 90-1993 | Turner-El, James G. v. Lane, Michael P. |
| 90-2175 | Turner-El, James G. v. Atkinson, Jeff |
| 90-2260 | Turner-El, James G. v. Geraghty, Thomas F. |
| 90-2610 | Turner-El v. Geraghty, Thomas F. |
| 90-2613 | Turner-EL, James G. v. Peters, Howard A. |
| 90-2934 | Turner-El, James G. v. Strubbe, Thomas F. |
| 92-2406 | Turner-El, James G. v. Peters, Howard |
| 93-2087 | Turner-El, James G. v. O'Hare, Stuart J. |
| 93-2132 | Turner-El, James G. v. Lane, Michael P. |

| | |
|---|---|
| 93-2133 | Turner-El, James G. v. Lane, Michael P. |
| 93-2134 | Turner-El, James G. v. Lane, Michael P. |
| 94-2130 | Turner-El, James G. v. Peters, Howard A. |
| 94-2135 | Turner-El, James G. v. Baker, Harold A. |
| 97-1748 | Turner-El, James G. v. Detella, George E. |
| 97-2480 | Turner-El, James G. v. Peters, Howard |
| 98-1462 | Turner-El, James G. v. Washington, Odie |
| 98-1744 | Turner-El, James G. v. West, Mary |
| 98-1745 | Turner-El, James G. v. Mayo, Sergeant |
| 98-1763 | Turner-El, James G. v. Page, Thomas F. |
| 98-1810 | Turner-El, James G. v. Page, Thomas F. |
| 98-1811 | Turner-El, James G. v. Washington, Odie |
| 98-1813 | Turner-El, James G. v. Page, Thomas F. |
| 98-1814 | Turner-El, James G. v. Page, Thomas F. |
| 98-1815 | Turner-El, James G. v. Page, Thomas |
| 98-1816 | Turner-El, James G. v. West, Mary |
| 98-1817 | Turner-El, James G. v. Page, Thomas |
| 98-1838 | Turner-El, James G. v. Washington, Odie |
| 98-2887 | Turner-El v. DeTella, George E. |
| 99-1455 | Turner-El, James G. v. Internal Affairs |
| 99-1472 | Turner-El, James G. v. Page, Thomas F. |
| 99-1475 | Turner-El, James G. v. Washington, Odie |
| 99-1490 | Turner-El, James G. v. Washington, Odie |
| 99-1845 | Turner-El, James G. v. Rennison, Colleen |
| 99-2088 | Turner-El, James G. v. Branche, Alfred |
| 99-2107 | Turner-El, James G. v. Page, Thomas F. |

99-2916    Turner-El, James G. v. Frentzel, Alan